UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SCOTT MATTHEW CROWLEY, a/k/a, | ) | |
| SCOTT MATTHEW PURCELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-108-AGF |
| | ) | |
| JOHN Q. PUBLIC, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a federal pretrial detainee, seeks leave to proceed in forma pauperis in this civil action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must

demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff, a federal pretrial detainee currently housed at the Ste. Genevieve County Jail, brings this claim under *Bivens* for violations of his Fourteenth Amendment rights against defendant John Q. Public (Chief United States Marshal) and Joe Q. Public (Deputy Chief United States Marshal).[1] Plaintiff alleges defendants are deliberately indifferent to his serious medical need.[2]

Plaintiff states that on March 26, 2018, a nurse at the Ste. Genevieve County Jail performed a "pre eye exam," and told plaintiff he had 2100 vision.[3] Plaintiff was told that under

---

[1] A claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), involves the same analysis as one arising under 42 U.S.C. § 1983, but a *Bivens* action is brought against federal officials as opposed to state officials. *See Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

[2] Plaintiff's claims arise under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's Cruel and Unusual Punishment Clause because plaintiff is a pretrial detainee. The Eighth Amendment serves as a benchmark for evaluating these claims. *See Vaughn v. Greene Cty., Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

[3] 2100 vision is commonly referred to as 20/100 vision, which means that plaintiff can see at 20 feet what a person with normal vision can see at 100 feet. *See* American Optometric Association, http://www.aoa.org (last visited Aug. 9, 2018).

the policy of the United States Marshal Service, to qualify for an eye exam, plaintiff must be legally blind, *i.e.*, have 2200 or 20/200 vision.

On April 20, 2018, plaintiff states he was assaulted by two to four individuals at the Ste. Genevieve County Jail while he was walking to the restroom. He states that he would have avoided the situation if he had eyeglasses. Plaintiff states that defendants' policy has made him vulnerable to attack at the jail. For relief, plaintiff seeks $1,250.00 in damages per day.

**Discussion**

Plaintiff asserts that defendants are violating his constitutional rights by exhibiting deliberate indifference to his serious medical need for eyeglasses. To survive initial review, plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of failure to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Carefully reviewed and liberally construed, the Court finds plaintiff has not stated a plausible claim because he cannot show the existence of an objectively serious medical need. "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Cambreros v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995).

"Courts in this District and others have concluded as a matter of law that the denial of eyeglasses and eye medication or headaches and blurry vision resulting from an incorrect eyeglass prescription are insufficient to establish a serious medical need." *Wagner v. City of St.*

*Louis Dep't of Pub. Safety*, No. 4:12-CV-1901-AGF, 2014 WL 3529678, at *8 (E.D. Mo. Jul. 16, 2014) (citing *Dunville v. Morton*, No. 99-1122, 2000 WL 1206653, at *2 (7th Cir. Aug. 22, 2000) (finding no Eighth Amendment violation where a prisoner waited 15 months for an eye examination and had complained about eye pain and headaches during that period because the plaintiff could not establish detriment from delayed treatment of a medical condition never even established to be serious); *Washington v. City of University City*, No. 4:09-CV-0784-HEA, 2012 WL 1134029, at *4-5 (E.D. Mo. Mar. 31, 2012) (finding no serious medical need where a pretrial detainee alleged that he was denied eyeglasses and eye medication); *Rodriguez v. Wiley*, No. 08CV02505-PAB-CBS, 2010 WL 1348017, at *12 (D. Colo. Feb. 25, 2010) (holding, where the plaintiff prisoner demonstrated that he had been denied prescription eyeglasses over an 18 month period, that he failed to establish a claim of deliberate indifference, in part because he failed to offer evidence that the alleged denial of medical attention "contributed to or intensified his condition") (internal quotations omitted); *Davidson v. Scully*, 155 F. Supp. 2d 77, 88-89 (S.D.N.Y. 2001) (concluding that headaches and blurry vision resulting from an incorrect eyeglasses prescription "are not a sufficiently serious condition" to establish a violation of the Eighth Amendment)); *see also Phillips v. Hurley*, No. 4:13-CV-1745-SNLJ, 2016 WL 4396168, at *4-5 (E.D. Mo. Aug. 18, 2016) (finding no serious medical need where inmate refused to wear state issued eyeglasses).

Here, plaintiff alleges that his 20/100 eyesight has made him "vulnerable to attack," and cites an instance in which two to four inmates assaulted him while walking to the bathroom. Plaintiff alleges that had he had his eyeglasses, "he would have avoided the situation." Plaintiff offers no details as to how eyeglasses would have helped him avoid his attackers. Assuming plaintiff might have seen his attackers more clearly or sooner, plaintiff is speculating that he

could have avoided the attack. Plaintiff has not alleged that his 20/100 eyesight causes him to experience any pain or physical degeneration of his eyesight. He does not allege his vision falls within the parameters of blindness. He has not alleged that not having glasses adversely affects his prognosis; that he has fallen or walked into objects; or that he cannot function in the general prison population without eyeglasses. *See, e.g., Phillips v. Hurley*, No. 4:13-CV-1745-SNLJ, 2016 WL 4396168, at *5 (E.D. Mo. Aug. 18, 2016) (citing cases in which courts have held the prisoner had a serious medical need where unable to see or experienced physical degeneration of his eyesight); *Mason v. Correctional Med. Serv., Inc.*, No. 2:04-CV-32-DJS, 2007 WL 433380, at *4 (E.D. Mo. Feb. 6, 2007) (citing cases in which blindness, in certain circumstances, constitutes a presumptively serious medical condition).

Viewed in the light most favorable to plaintiff, plaintiff has not established that his uncorrected 20/100 vision is an objectively serious medical need. For this reason, the Court will dismiss his case without prejudice under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[4]

---

[4] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of August, 2018.

                                      */s/ Audrey G. Fleissig*
                                      AUDREY G. FLEISSIG
                                      UNITED STATES DISTRICT JUDGE

---

will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).